IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE RODRIGUEZ RAMOS**,

    Plaintiff,

        v.                            CIVIL NO. 07-2101 (JAG)

**JOHN POTTER**,

    Defendant.

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is John Potter's ("Defendant"), Postmaster of the United States Postal Service, Motion to Dismiss. (Docket No. 19). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

On November 17, 2007, Jose Rodriguez-Ramos ("Plaintiff") filed a complaint against Defendant, alleging violations under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Docket No. 3).

Plaintiff contends that he was an employee of Defendant, serving as part of the Postal Inspector Service Law Enforcement,

---

[1] The following facts, taken from the complaint, must be accepted as true for the purpose of this motion. Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005); Correa Martinez v. Arrillaga Belendez, 903 F.2d 49, 51 (1st Cir. 1990).

Civil No. 07-2101                                                   2

when the discriminatory acts took place. (Docket No. 3, ¶ 2 & 4). According to Plaintiff, on October 6, 2005, members of the Office of the Inspector General (OIG) interviewed him to gather data regarding a criminal matter. (Id., ¶ 5). Afterwards, on October 10, 2005, Plaintiff claims that he had a meeting with his supervisor, Frank Silva ("Silva"), who allegedly recommended that Plaintiff file for an early retirement. (Id.) Plaintiff further asserts that on October 12, 2005, Silva told Plaintiff to call Thomas Van De Merlen, Inspector in Charge, who allegedly told Plaintiff to retire. (Id., ¶ 6).

Furthermore, Plaintiff contends that Silva requested his date of retirement five times on October 17, 18, 21, 24 and 25. (Id., ¶ 7). On October 25, 2005, Plaintiff asserts that Silva told Plaintiff that he would face consequences if he did not retire. (Id., ¶ 7). On December 16, 2005, Silva allegedly asked Plaintiff for a sixth time regarding his date of retirement. At this point, Plaintiff claims that he informed Silva that he was not going to retire and was willing to face the consequences. (Id., ¶ 8).

On January 19, 2006, Defendant allegedly placed Plaintiff on administrative leave. (Id., ¶ 9). Consequently, Plaintiff filed an Equal Employment Opportunity (EEO) complaint. (Id., ¶ 9). Plaintiff alleges in the complaint that at the time he filed the EEO complaint he was fifty-two (52) years old. (Id., ¶ 3). On May 25, 2006, Plaintiff asserts that he was forced to retire. (Id.)

Civil No. 07-2101 (JAG)                                              3

On July 21, 2008, Defendant filed the present Motion to Dismiss. Defendant avers that Plaintiff failed to exhaust administrative remedies regarding the allegation of constructive discharge.[2] Furthermore, Defendant argues that Plaintiff neither states a claim upon which relief can be granted, nor states a cause of action under ADEA. (Docket No. 19).

On August 25, 2008, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (Docket No. 21). Defendant replied (Docket No. 26) and Plaintiff counter replied.(Docket No. 28).

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

Fed.R.Civ.P. 12(b)(6) provides that a complaint will be dismissed if the pleadings fail "to state a claim upon which relief can be granted." To survive dismissal for failure to state a claim, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp., v. Twombly, 127 S.Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). While Twombly does not require heightened fact pleading of specifics, it does require the complaint to state enough facts to "nudge [plaintiff's] claims across the line from conceivable to plausible." Id. at 1974. Therefore, to preclude dismissal pursuant to Fed.R.Civ.P. 12(b)(6), the complaint must rest on factual

---

[2] Plaintiff stated in his Opposition to Motion to Dismiss that he was not alleging a claim of constructive discharge. (Docket No. 21, p. 2.) Thus, Defendant's claim of Plaintiff's failure to exhaust administrative remedies will not be addressed.

allegations sufficient "to raise a right to relief above the speculative level." Id. at 1965.

At the motion to dismiss stage, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See, Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The court need not credit complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Therefore, plaintiffs bear the burden of stating "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory. Goolev v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

## ANALYSIS

Defendant argues in his Motion to Dismiss that Plaintiff's claims should be dismissed because he has failed to state a claim under ADEA, and, thus, this Court lacks subject matter jurisdiction over the case at bar. This Court shall now determine whether Plaintiff's allegations proffer a valid ADEA claim.

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The "ADEA does not stop a company from discharging an

Civil No. 07-2101 (JAG)                                                5

employee for any reason (fair or unfair) or for no reason, so long as the decision to fire does not stem from the person's age." Mesnick v. General Electric Co., 950 F.2d 816, 825 (1st Cir. 1991), citing Freeman v. Package Machinery Co., 865 F.2d 1331, 1341 (1st Cir. 1988). The plaintiff in an ADEA discrimination suit bears the ultimate burden of proving that his age motivated the employer's decision. Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). That is, plaintiff's age must have "actually played a role in the employer's decision-making process and had a determinative influence on the outcome." Id.; see also Loeb v. Textron, 600 F.2d 1003, 1011 (1st Cir. 1979) ("Where defendant denies that age was a consideration, the plaintiff must prove that he would not have been discharged "but for" his age, i.e., that age must have been a determinative factor").

If plaintiff cannot produce direct evidence demonstrating that the employer's actions were motivated by age animus, the Courts apply the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The McDonnell Douglas framework is based principally on circumstantial evidence. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141 (2000); Suarez v. Pueblo International, Inc., 229 F.3d 49, 53 (1st Cir. 2000); Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991). Under the McDonnell Douglas framework a plaintiff must establish a prima facie case of age discrimination by demonstrating that (1) he or she is

Civil No. 07-2101 (JAG)                                                    6

within the protected class (over the age of forty), (2) that his or her job performance was satisfactory to meet his employer's legitimate expectations, (3) his or her employer took adverse action against him or her, and (4) that the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills that he had been rendering. Reeves, 530 U.S. at 142; Suarez, 229 F.3d at 53; Mesnick, 950 F.2d at 823; Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990). The First Circuit found that this method of proof and burden shifting applies in the ADEA context. Loeb, 600 F.2d at 1010.

Establishing a prima facie case creates a rebuttable presumption of discrimination. Rodriguez v. Potter, 419 F.Supp.2d 58, 63 (D.P.R. 2006). While the burden of persuasion remains at all times with the plaintiff, the prima facie case shifts the burden of production to the employer. Mesnick, 950 F.2d at 823, citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "The employer must articulate some legitimate, nondiscriminatory reason for the employees rejection . . . This suffices to discharge petitioner's burden of proof at this stage and to meet respondent's prima facie case of discrimination." McDonnell Douglas, 411 U.S. at 802-03. If the employer meets this limited burden, the presumption vanishes and the plaintiff must adduce sufficient evidence to demonstrate that age was a motivating factor in the challenged

Civil No. 07-2101 (JAG)                                                        7

employment action. Zapata-Matos v. Reckitt & Coleman, Inc., 277 F.3d 40, 45 (1st Cir. 2002). To do so, plaintiff must show that the proffered reason is pretextual such that discriminatory animus can be inferred. Gonzalez v. El Dia, Inc., 304 F.3d 63, 69 (1st Cir. 2002). "It is not enough for a plaintiff to merely impugn the veracity of the employer's justification, [s]he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive, age discrimination.'" Mesnick, 950 F.2d at 824 (citing Medina-Munoz, 896 F.2d at 9).

On the other hand, if plaintiff fails to establish a prima facie case, "the inference of discrimination never arises." Mesnick, 950 F.2d at 824; see also, O'Connor, 517 U.S. at 312 (citing Teamsters v. United States, 431 U.S. 324, 358 (1977), "Prima facie requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion").

In the present case, this Court must first determine whether at the time Plaintiff and employer parted company, the Plaintiff was a member of the class protected under the ADEA. The ADEA limits the protected age class to "individuals who are at least forty (40) years of age," 29 U.S.C. § 631(a). In the present case, Plaintiff asserts that he was fifty-two (52) years old when he filed his initial EEO complaint. Thus, Plaintiff is a member of the protected class under the ADEA.

Civil No. 07-2101 (JAG)                                                    8

Next we turn to whether Plaintiff's job performance met the employer's legitimate expectations. In analyzing this second element, the "complainant is required to show that he was 'qualified' in the sense that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative." Loeb, 600 F.2d at 1013, citing Teamsters, 431 U.S. at 358 n. 44. The First Circuit, has stated that with respect to being "qualified" it can be assumed that unless the employee's job has been redefined, the fact that he or she was hired initially indicates that the plaintiff had the basic qualifications for the job. Loeb, 600 F.2d at 1013 n. 10.

Plaintiff asserts that he has only been able to obtain copy of three of his performance appraisals,[3] in which he was rated M, or Met Objectives, on all three. Allegedly, the last performance appraisal that he received was dated January 24th, 2005. Furthermore, Plaintiff alleges that since discovery has not started, he does not have access to the files that demonstrate his job performance. Hence, Plaintiff does not have enough evidence to carry his burden of production as to whether his job performance met Defendant's legitimate expectations, but has proven a minimal showing of his qualifications.

---

[3] Plaintiff does not state the specific dates or years of the three performance appraisals he was able to obtain. Plaintiff does claim that he has not been able to locate the ones he received in 2002, 2003 and 2004.

Civil No. 07-2101 (JAG)                                                  9

On the other hand, Defendant argues that Plaintiff's job performance was found to have "deficiencies". One of these deficiencies relates to the issue of Plaintiff's request for a Language Pay Incentive.[4] Defendant asserts that, on March 2005, Plaintiff's request was held in abeyance because during the time of his request, Plaintiff's job performance in the last twenty-four (24) consecutive months prior to the request[5] did not receive a satisfactory rating. Thus, L. Santiago, Acting Assistant Inspector in Charge, allegedly notified Plaintiff, through a letter dated June 13, 2005, that he was being placed on a Performance Improvement Plan as a result of his deficiencies. Consequently, Defendant claims that Plaintiff has not satisfied the second element of the prima facie case.

In the case at bar, the parties have not demonstrated that Plaintiff's job has been redefined. Thus, under Loeb, Plaintiff has the basic qualifications for the job. Id. However, there is an issue whether or not Plaintiff's job performance satisfactorily met the employer's legitimate expectations. Nevertheless, taking Plaintiff's pleaded allegations as true, this Court finds that Plaintiff has met his burden at this stage with regards to his job

---

[4]Language Pay is available to postal inspectors for proficiency and use of the Spanish language.

[5] The Language Pay Incentive Agreement requires a satisfactory rating for the twenty-four (24) consecutive months prior to the request.

performance.

In addition, Plaintiff must establish that he lost his position through an adverse employment action attributable to the employer. De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004) (holding that prima facie case under the ADEA requires actual or constructive discharge); See, Suarez, 229 F.3d at 54 (The ADEA not only "bars an employer from discharging an employee because of his age, it also bars an employer from engaging in a calculated age-inspired effort to force an employee to quit").

Plaintiff contends that he experienced an adverse employment action because his employer forced him to quit through an administrative leave and an involuntary retirement. An involuntary retirement for reasons of age is considered a discharge, and is prohibited by the ADEA with respect to the members within the protected class. 29 U.S.C. 623(F)(2)(a); 29 C.F.R. 1625.9(b)(1). It is not unlawful though to require an early retirement that is based on reasonable factors other than age. 29 U.S.C. 623 (f)(1); 29 C.F.R. 1625.9(d); Hazen Paper Co., 507 U.S. at 611 ("When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears . . . even if the motivating factor is correlated with age"). Further, Plaintiff alleges that Defendant placed him on administrative leave using an unsubstantiated investigation to force him to retire. After filing the EEO complaint, Plaintiff contends

that Defendant told him several times that he was going to press criminal charges against him for allegedly providing false information in his application for child enrollment at the Department of Defense (DOD) Domestic Dependent Elementary and Secondary Schools (DDESS)[6] of the District of Puerto Rico. However, Plaintiff claims that younger, similarly situated co-workers, who applied for the same benefits for their children, and were not complying with the DOD criteria, were not placed in administrative leave, criminally charged, or forced to retire.

On the other hand, Defendant asserts that he had a legitimate business reason for the investigation of Plaintiff. Defendant claims that on June 7, 2005, an investigation by the United States Postal Service (USPS), Office of the Inspector General (OIG), revealed that Plaintiff had been receiving tuition reimbursement for DDESS, in violation of the program's eligibility criteria from 2001 through 2006. Defendant avers that to be eligible for the DDESS program, Federal civilian employees must certify through DDESS Form 600 that their children reside with that parent or legal guardian, but that

---

[6] Section 2164(g) of Title 10 of the United States Code provides: "When the Secretary of Defense provides educational services under this section to an individual who is a dependent of an employee of a Federal agency outside the Department of Defense, the head of the other Federal agency shall, upon request of the Secretary of Defense, reimburse the Secretary for those services at rates routinely prescribed by the Secretary for those services." 10 U.S.C. § 2164(g). Thus, DDESS provides a tuition reimbursement program for dependents of certain Federal Agency employees, such as Plaintiff's daughter.

Civil No. 07-2101 (JAG)                                                    12

Special Agents had allegedly confirmed that Plaintiff had divorced in August 2003, and that Plaintiff's daughter in fact resided with her mother (Plaintiff's ex-wife) since the year 2000.[7] Consequently, on January 19, 2006, Defendant placed Plaintiff on administrative leave pending completion of the investigation of the allegedly false statements in the DDESS Form 600 related to Plaintiff's daughter's residence. Defendant further alleges that Plaintiff was afforded the opportunity to resign from his position and have all charges dropped.

Taking into consideration Plaintiff's allegation that Defendant forced him to retire, but did not do so with younger employees, who were in similarly situated positions, we find that Plaintiff meets this element of the prima facie case. Accordingly, this Court finds that Plaintiff has met the burden at this stage regarding the employer's adverse action against him.

Lastly, Plaintiff must establish that the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills that he had been rendering. The First Circuit has stated that in order

---

[7] Plaintiff avers that DDESS requires a certification from the federal employer to the Department of Defense (DOD) on which employees are eligible for the benefit. In order to send this certification of eligibility, Plaintiff claims that Defendant performed an investigation, which found that Plaintiff divorced at the end of the year 2003, and that he provided to his employer the evidence that he had legal custody of his child and her domicile was with him.

establish the replacement element, a claimant does not need to show that the employer hired a new employee or designated a current employee as replacement. Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52, 60 (1st Cir. 2005). Rather, a claimant must show that the employer had a "continuing need for the work he was performing prior to his termination." Id. Since Plaintiff does not provide any information regarding any replacement, or a continuing need for his work, this Court finds he has not met this requirement for a prima facie case to exist.

The Supreme Court has recognized that "the prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." O'Connor, 17 U.S. at 312, citing Teamsters, 431 U.S. at 358. In the present case, Plaintiff has not set forth sufficient allegations regarding an inference of discrimination. Plaintiff has provided enough factual allegations to establish three of the four elements of prima facie: (1) he falls within the class of individuals protected by the ADEA, (2) his job performance met the employer's legitimate expectations, and (3) he experienced an adverse employment action. However, Plaintiff fails to allege that he was replaced by someone younger than himself or that there is a continuing need for an employee of similar qualifications. On the other hand, Defendant disputes that Plaintiff was qualified for his position, and avers that there was a legitimate, business reason for

Civil No. 07-2101 (JAG)                                                    14

the investigation and administrative leave that led to Plaintiff's early retirement. Nevertheless, taking all well-pleaded factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff has not established a prima facie case because he failed to plead that the employer sought a replacement with roughly equivalent job qualifications. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2009.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge